1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    BRIAN WHITAKER,                          Case No.  21-cv-08021-TSH

8                    Plaintiff,

9           v.                                **ORDER DENYING DEFENANT'S
                                              MOTION TO DISMISS AND
10   GIAU M. HUYNH,                           ADMINISTRATIVE MOTION**

                                              Re: Dkt. No. 19, 22
11                  Defendant.

12

13                         **I.     INTRODUCTION**

14          Pending before the Court are Defendant's Motion to Dismiss (ECF No. 19) and

15   Administrative Motion for Relief from General Order No. 56 Requirements (ECF No. 22).  On

16   March 31, 2022, Plaintiff filed an Opposition to Defendant's Administrative Motion.  ECF No. 23.

17   On April 5, 2022, Plaintiff filed an Opposition to Defendant's Motion to Dismiss.  ECF No. 24.

18   On April 11, 2022, Defendant filed a Reply in support of Defendant's Motion to Dismiss.  ECF

19   No. 25.  The Court finds these matters suitable for disposition without oral argument and

20   **VACATES** the April 28, 2022 hearing on Defendant's Motion to Dismiss.  *See* Civ. L.R. 7-1(b).

21   Having considered the parties' positions, relevant legal authority, and the record in this case, the

22   Court **DENIES** Defendant's Motion to Dismiss and **DENIES** Defendant's Administrative motion

23   for the following reasons.[1]

24                         **II.     BACKGROUND**

25          Plaintiff Whitaker is a quadriplegic who uses a wheelchair for mobility.  Compl. ¶ 1, ECF

26   No. 1.  Defendant Giau M. Huynh owns Wellness Nails Care located at 405 Arguello Blvd., San

27   _____

28   [1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF
     Nos. 8, 14.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Francisco, California.  *Id*. at ¶ 3.

2           In September 2021, Whitaker went to Wellness Nails Care with the intent to avail himself

3   of its goods or services, motivated in part to determine if the business complied with disability

4   access laws.  *Id.* at ¶ 8.  However, on the date of Whitaker's visit, Defendant failed to provide

5   wheelchair accessible tables, door hardware, and paths in conformance with ADA standards.  *Id*.

6   at ¶¶ 11, 15, 20.  Whitaker claims he will return to Wellness Nails Care to avail himself of its

7   goods or services and to determine disability access compliance.  *Id*. at ¶ 30.  Whitaker is currently

8   deterred from returning to Wellness Nails Care because of existing and unknown barriers.  *Id*.

9           On October 14, 2021, Whitaker filed a complaint against Defendant, alleging violations of

10  the Americans with Disabilities Act of 1900 ("ADA") and California Unruh Civil Rights Act, Cal.

11  Civ. Code §§ 51-53.  ECF No. 1.  Defendant moves to dismiss Whitaker's complaint under

12  Federal Rule of Civil Procedure 12(b)(1) and argues Whitaker's ADA claim is moot because

13  Defendant has removed or remedied all barriers to access alleged in the complaint.  ECF No. 19.

14  Defendant also seeks to be relieved of General Order 56's requirements.  ECF No. 22.

### III.   LEGAL STANDARD

16          Rule 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction.  As

17  the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of

18  establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested.

19  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A complaint will be

20  dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either

21  "facially" or "factually."  *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730,

22  733 (9th Cir. 1979); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)

23  ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

24          A challenge to subject matter jurisdiction is a factual attack when the moving party relies

25  on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the

26  pleadings.  *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d

27  920, 924 n.5 (11th Cir. 2003)).  "In resolving a factual attack on subject matter jurisdiction, the

28  district court may review evidence beyond the complaint without converting the motion to dismiss

United States District Court
Northern District of California

1    into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d

2    1036, 1039 n.2 (9th Cir. 2003)).

3                                    **IV.    DISCUSSION**

4    **A.    Defendant's Motion to Dismiss**

5          Defendant moves to dismiss Whitaker's ADA and Unruh Act claims.  ECF No. 19.

6          **1.    ADA Claim**

7          Defendant argues Whitaker's ADA claim is moot because Defendant removed and

8    remedied all barriers to access alleged in Whitaker's complaint.   ECF No. 19 at 7.  Defendant

9    submitted two declarations as evidence of the removal and remedy.  ECF Nos. 20 (Altwal Decl.),

10   21 (Ngyugen Decl.).  Whitaker argues dismissing his ADA claim would be premature given a

11   joint site inspection has not occurred, discovery is stayed, and because the elements of Whitaker's

12   ADA claim are intertwined with the issue of subject matter.  ECF No. 24 at 2-4.  Whitaker

13   requests an opportunity to inspect Defendant's premises to determine compliance.  ECF No. 24 at

14   5.

15         Defendant is correct that Whitaker's ADA claim would become moot if the barriers to

16   access alleged are removed and remedied.  However, a "[j]urisdictional finding of genuinely

17   disputed facts is inappropriate when the jurisdictional issue and substantive issues are so

18   intertwined that the question of jurisdiction is dependent on the resolution of factual issues going

19   to the merits' of an action."  *Id*. (internal quotation and citation omitted).  Here, the jurisdictional

20   facts at issue are intertwined with the merits of Whitaker's ADA claim.  *See Johnson v. Supakam

21   Corp.*, Case No. 21-cv-4122-BLF, 2022 WL 767615, at *5 (N.D. Cal. Mar. 11, 2022) (finding

22   ADA issues intertwined with jurisdictional facts and denying motion to dismiss under 12(b)(1));

23   *Johnson v. JKLM Properties*, *LLC*, Case No. 20-cv-1078-EJD, 2021 WL 796274, at *4 (N.D. Cal.

24   Mar. 2, 2021) (same).  Resolution of the jurisdictional question on this motion would be

25   inappropriate. *See Acevedo v. C & S Plaza Limited Liability Company,* Case No. 20-56318, 2021

26   WL 4938124, at *2 (9th Cir. 2021) ("[W]e conclude that jurisdictional findings are inappropriate

27   here because Title III of the ADA provides both federal subject matter jurisdiction and the basis

28   for a claim for relief."); *JKLM Properties*, 2021 WL 796274  at 4 ("[T]he question of whether this

1   Court has jurisdiction and whether Plaintiff's claim is meritorious are intertwined because the

2   ADA underlies each question. If the Court determines it lacks jurisdiction because Defendant has

3   remedied the problem, it by default declares that Plaintiff's action is no longer meritorious. The

4   Court cannot make that determination at this point.")

5          Defendant urges the Court to consider Defendant's declarations and apply a summary

6   judgment standard in deciding the motion to dismiss.  ECF No. 19 at 6.  Given the early stage of

7   litigation and the fact that discovery is stayed pursuant to General Order 56, the Court declines to

8   convert Defendant's motion to dismiss into a motion for summary judgment.  *See* A*lcazar v.*

9   *Bubba Gump Shrimp Co. Restaurants Inc*., Case No. 20-cv-2771-DMR, 2020 WL 4601364, at *4

10  (N.D. Cal. Aug. 11, 2020) ("[I]t is inappropriate to resolve the factual disputes at this stage of

11  litigation, before discovery has commenced."); *Supakam*, 2022 WL 767615 at *6 ("Under General

12  Order 56, discovery is stayed, so treating Supakam's motion as a summary judgment motion

13  would not be appropriate at this stage."); *Acosta v. Fast N Esy II, Inc*., Case No. 16-cv-1150-LJO-

14  SAB, 2017 WL 75796, at *4 (E.D. Cal. Jan. 9, 2017) ("At this early stage of the litigation, when

15  no discovery has been conducted, resolving jurisdictional facts that are intertwined with the

16  substantive merits of Plaintiff's ADA claim is improper.").  Defendant filed his motion to dismiss

17  before the joint inspection deadline and before Plaintiff inspected the premises.  *Compare with*

18  *Johnson v. Hurwicz*, Case No. 21-cv-2027, 2022 WL 444404, at * 3 (N.D. Cal. Feb. 14, 2022)

19  (granting motion to dismiss plaintiff's ADA claim under 12(b)(1) where "the deadline to conduct

20  the site inspection in this case expired . . . without Plaintiff ever seeking a court order compelling

21  the site inspection."); *Whitaker v. Gundogdu*, 2021 WL 5937659, at *1-2 (N.D. Cal. Dec. 16,

22  2021) (granting motion to dismiss plaintiff's ADA claim under 12(b)(1) after parties' accessibility

23  consultants performed a joint site inspection).   Given Whitaker's request to inspect Defendant's

24  premises, the Court grants the parties leave to perform limited jurisdictional discovery.  *Cf. Am.*

25  *W. Airlines, Inc. v. GPA Grp., Ltd.,* 877 F.2d 793, 801 (9th Cir. 1989) (finding that "the district

26  court did not abuse its discretion in deciding the jurisdictional issue without allowing additional

27  time for discovery" where the plaintiff neither moved to compel discovery nor requested time to

28  conduct such discovery).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as to Whitaker's ADA

2    claim.

3    **2.    Unruh Act Claim**

4    A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all

5    claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Because the Court has not

6    dismissed Plaintiff's ADA claim, the Court also denies Defendant's motion as to Whitaker's

7    Unruh Act claim.

8    **B.    Defendant's Administrative Motion**

9    Defendant argues Whitaker's claims are moot and requests relief from the requirements of

10   General Order 56.  For the same reasons discussed above, the Court **DENIES** Defendant's

11   Administrative Motion.

12   **V.    CONCLUSION**

13   For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss and

14   Administrative Motion without prejudice.  The Court **ORDERS** the parties to meet and confer to

15   establish a plan for limited jurisdictional discovery.  The parties shall file a status report regarding

16   their limited jurisdictional discovery plan by April 25, 2022.

17   **IT IS SO ORDERED.**

18

19   Dated: April 19, 2022

20

21   THOMAS S. HIXSON
     United States Magistrate Judge

22

23

24

25

26

27

28

5