United States District Court
Northern District of California

1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7     BRIAN WHITAKER,                          Case No.  21-cv-08021-TSH
8                    Plaintiff,                **ORDER TO SHOW CAUSE**
9            v.
10    GIAU M. HUYNH,
11                   Defendant.
12
13         Plaintiff Brian Whitaker brings this case under the Americans with Disabilities Act

14   ("ADA"), 42 U.S.C. §§ 12101, et seq., and California's Unruh Act, Cal. Civ. Code §§ 51-53, to

15   compel Defendant Giau Huynh to provide accessible paths of travel, door hardware, and outdoor

16   tables at Wellness Nails Care, located at 405 Arguello Blvd., San Francisco, California.  ECF No.

17   1.  However, Whitaker has now indicated that Huynh made structural changes and that these

18   barriers no longer exist.  *See* Pl.'s Status Reports, ECF No. 30 & 32.

19         Under the ADA, plaintiffs may only seek injunctive relief and attorney's fees.  *See* 42

20   U.S.C. § 12188(a)(1); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401–02 (1968).  "Once

21   a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims

22   become moot and he or she loses standing, which means the court no longer has subject-matter

23   jurisdiction over the ADA claim."  *Johnson v. Case Ventures, LLC*, 2020 WL 4747908, at *2

24   (N.D. Cal. Aug. 17, 2020) (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal.

25   2005)).  Thus, it appears that Whitaker's ADA claim is moot and must be dismissed for lack of

26   jurisdiction.  Further, a district court "may decline to exercise supplemental jurisdiction" if it "has

27   dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  A court

28   "may"—and often does—"decline to exercise supplemental jurisdiction" if it has "dismissed all

claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also, e.g., Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Case Ventures*, 2020 WL 4747908, at *3; *Yates v. Delano Partners, LLC*, 2012 WL 4944269, at *2 (N.D. Cal. Oct. 17, 2012); *R.K. v. Hayward Unified Sch. Dist.*, 2008 WL 1847221, at *2 (N.D. Cal. Apr. 23, 2008).  As the Supreme Court and Ninth Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented by* 121 F.3d 714 (9th Cir. 1997) (alterations omitted) (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, Whitaker is **ORDERED** to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Whitaker shall file a response by May 19, 2022.  If a response is filed, the Court shall either issue an order based on the response or conduct a hearing on June 2, 2022 at 10:00 a.m. by Zoom video conference.  The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.

**IT IS SO ORDERED.**

Dated: May 11, 2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2