UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>GIAU M. HUYNH,<br><br>        Defendant. | Case No. 21-cv-08021-TSH<br><br>**ORDER DISMISSING CASE** |

Plaintiff Brian Whitaker brings this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and California's Unruh Act, Cal. Civ. Code §§ 51-53, to compel Defendant Giau Huynh to provide accessible paths of travel, door hardware, and outdoor tables at Wellness Nails Care, located at 405 Arguello Blvd., San Francisco, California. ECF No. 1.[1] However, Whitaker has indicated that, since the filing of this matter, Huynh made structural changes and that these barriers no longer exist. *See* Pl.'s Status Reports, ECF No. 30 & 32.

Under the ADA, plaintiffs may only seek injunctive relief and attorney's fees. *See* 42 U.S.C. § 12188(a)(1); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968). "Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, which means the court no longer has subject-matter jurisdiction over the ADA claim." *Johnson v. Case Ventures, LLC*, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020) (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)). As it appeared that Whitaker's ADA claim is moot and must be dismissed for lack of jurisdiction, the Court ordered him to show cause why this case should not be dismissed for lack

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 14.

1  of subject matter jurisdiction. ECF No. 34. In his response, Whitaker does not deny that his ADA

2  claim is moot. ECF No. 35. Accordingly, the Court his ADA claim is **DISMISSED WITHOUT**

3  **LEAVE TO AMEND**.

4  However, Whitaker requests the Court retain supplemental jurisdiction over his Unruh Act

5  claim because dismissal would increase the costs the parties will incur in litigating this matter. A

6  district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims

7  over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court "may"—and often

8  does—"decline to exercise supplemental jurisdiction" if it has "dismissed all claims over which it

9  has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also, e.g., Oliver v. Ralphs Grocery Co.*,

10 654 F.3d 903, 911 (9th Cir. 2011); *Case Ventures*, 2020 WL 4747908, at *3; *Yates v. Delano*

11 *Partners, LLC*, 2012 WL 4944269, at *2 (N.D. Cal. Oct. 17, 2012); *R.K. v. Hayward Unified Sch.*

12 *Dist.*, 2008 WL 1847221, at *2 (N.D. Cal. Apr. 23, 2008). As the Supreme Court and Ninth

13 Circuit have "often repeated," "in the usual case in which all federal-law claims are eliminated

14 before trial, the balance of factors will point toward declining to exercise jurisdiction over the

15 remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997),

16 *supplemented by* 121 F.3d 714 (9th Cir. 1997) (alterations omitted) (quoting *Carnegie-Mellon*

17 *University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Accordingly, Whitaker's Unruh Act claim is

18 **DISMISSED WITHOUT PREJUDICE**.

19 **IT IS SO ORDERED.**

21 Dated: May 19, 2022

THOMAS S. HIXSON
United States Magistrate Judge